UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
AVIV AMIRAV,

                        Plaintiff,

                 v.

CMS RESEARCH CORPORATION, and
O.I. CORPORATION,

                        Defendants.
---------------------------------------------------------------X

Civil Action No. '06 CIV 00659

JUDGE JONES

RECEIVED

## COMPLAINT

Aviv Amirav ("Plaintiff"), by and through his attorneys, for his complaint against defendants CMS Research Corporation ("CMS") and O.I. Corporation ("OI") (collectively, "Defendants"), alleges as follows:

### NATURE OF THE ACTION

1. In this action, Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs for the Defendants' acts of patent infringement, inducement to patent infringement, and breach of contract.

### THE PARTIES

2. Plaintiff is an individual and a citizen of the nation of Israel, with a business and residence address in Hod Hasharon, Israel.

3. Upon information and belief, defendant CMS is a corporation organized and existing under the laws of the State of Alabama, having its principal place of business in Birmingham, Alabama.

1

4. Upon information and belief, defendant OI is a corporation organized and existing under the laws of the State of Oklahoma, having its principal place of business in College Station, Texas, and is the successor-in-interest to Defendant CMS.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over claims made in this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, and further under the doctrine of pendent and ancillary jurisdiction.

6. The actions of Defendants complained of in this Complaint have been, and continue to be committed, at least in part, within the Southern District of New York.

7. Upon information and belief, Defendants reside, contract to supply goods, and/or transact business in New York and within this judicial district, and the tortious acts of Defendants complained of in this Complaint, including, without limitation, the sale of Defendants' infringing products, have been and continue to be committed, and have caused harm to Plaintiff, within this judicial district. Accordingly, personal jurisdiction exists over Defendant pursuant to CPLR §§ 301 and 302.

8. Defendants have consented, by written contract, to the jurisdiction of this Court, and have waived all objections to such jurisdiction.

9. Venue is proper in this District under 28 U.S.C. § 1391.

## BACKGROUND FACTS

10. Plaintiff is the owner of United States Letters Patent No. 5,153,673, which issued on October 6, 1992 for a "Pulsed Flame Analyzing Method And Detector

Apparatus For Use Therein" ("the '673 Patent"). A copy of the '673 Patent is attached hereto as Exhibit 1.

11. The '673 Patent is valid and subsisting.

12. Plaintiff has complied with the provisions of Title 35 of the United States Code and placed the required statutory notice on its products embodying the invention of the '673 Patent.

13. Upon information and belief, Defendant has been, and is, making, using and/or selling a product or products that read on one or more claims of the '673 Patent, including without limitation various pulsed flame photometric detector products ("PFPD Devices") and non-functioning portions thereof ("Partial Non-functioning PFPD Devices") (collectively and/or individually the "Infringing Products").

14. Pursuant to a non-exclusive license agreement between Plaintiff and Defendant CMS dated on or about September, 1993 (the "License"), Defendants have at all times relevant to this action been authorized to make, use, and/or sell PFPD Devices solely in accordance with the terms of the License and solely in exchange for the payment of royalties to Plaintiff as prescribed by the terms of the License.

15. Despite the fact that the License expressly prohibits Defendants from selling Partial Non-functioning PFPD Devices, upon information and belief Defendants have been selling Partial Non-functioning PFPD Devices ("Infringing Products") without Plaintiff's authorization and in contravention of the terms of the License.

16. Despite the fact that the License expressly prohibits Defendants from selling Partial Non-functioning PFPD Devices and/or PFPD Devices to unlicensed third-party makers and sellers of PFPD Devices and related products on an "OEM"

(original equipment manufacturer) basis, upon information and belief Defendants have been selling Partial Non-functioning PFPD Devices and/or PFPD Devices to unlicensed third-party makers and sellers of PFPD Devices and related products on an OEM basis ("Infringing Products") without Plaintiff's authorization and in contravention of the terms of the License, and such unlicensed third party makers and sellers ("OEM Third Party Sellers") have made and sold PFPD Devices ("Infringing OEM Products") without license or Plaintiff's authorization or permission.

17. Despite the fact that the License expressly prohibits Defendants from selling PFPD Devices except as integrated and optimized product units, upon information and belief Defendants have been selling PFPD Devices with key and essential components missing ("Infringing Products"), without Plaintiff's authorization and in contravention of the terms of the License.

18. At least in part as a direct result of Defendants' unauthorized sales activities alleged in paragraphs 14 – 16, above, upon information and belief Defendants have repeatedly and systematically underreported, and underpaid royalties due Plaintiff under the License.

19. Specifically, and without limitation, upon information and belief Defendants are selling fully integrated and optimized PFPD Devices, but are reporting and paying royalties to Licensee for such sales based upon the lower sale price of incomplete, partial non-functioning portions of the PFPD Devices and thereby underpaying royalties.

20. Despite the fact that the License requires Defendants to provide certain documents and information pertaining to Defendants' sale of PFPD Devices and the amount of royalties due and payable to Plaintiff thereon, Defendants have failed, and upon request have refused to provide such information as required by the License and Plaintiff has been unable to determine the amount of the royalty shortfall currently due Plaintiff.

21. Defendants have continued to commit the acts set forth and alleged in paragraphs 14 – 18 above, despite numerous written requests by Plaintiff and/or its representatives to cease and desist such acts, and/or to provide documentation and/or information regarding such acts.

## COUNT I: PATENT INFRINGEMENT

22. Plaintiff repeats and realleges each and every allegation contained in the paragraphs prior hereto, and the same are incorporated herein and made a part hereof by this reference.

23. Defendant has been, and is making, using, and/or selling Infringing Products, thereby infringing Plaintiff's '673 Patent.

24. Defendant has also been, and is making, using, and/or selling PFPD Devices without paying royalties under the License, thereby infringing Plaintiff's '673 Patent.

25. Upon information and belief, Defendant was aware of the '673 Patent prior to commencing these infringing activities.

26. Upon information and belief, Defendant's conduct and infringement of the '673 Patent have been and are willful and deliberate.

27. Defendant's unlawful actions have interfered with Plaintiff's business, including his licensing and sales, unfairly diverted licensing and sales to Defendant, and caused Plaintiff monetary damage.

28. Defendant's unlawful actions have caused irreparable harm and damage to Plaintiff and caused Plaintiff to suffer monetary damage in an amount thus far not determined.

29. Plaintiff's injuries are, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

30. Plaintiff has no adequate remedy at law.

31. Plaintiff is therefore entitled to injunctive relief, monetary damages, and its cost and fees.

## COUNT II
## CONTRIBUTORY PATENT INFRINGEMENT

32. Plaintiff repeats and realleges each and every allegation contained in the paragraphs prior hereto, and the same are incorporated herein and made a part hereof by this reference.

33. Upon information and belief, Defendants have sold and are selling Partial Non-functioning PFPD Devices to OEM Third Party Sellers in contravention of the License.

34. The Partial Non-functioning PFPD Devices sold by Defendants to OEM Third Party Sellers have been, and are, material to the invention of the '673 Patent, and are not staple articles of commerce suitable for substantial non-infringing use.

35. Upon information and belief, one or more OEM Third Party Sellers have made, and sold, without a license or other authorization from Plaintiff, Infringing OEM Products.

36. Upon information and belief, Defendants have sold and are selling Partial Non-functioning PFPD Devices to OEM Third Party Sellers with the knowledge that the Partial Non-functioning PFPD Devices are patented and especially adapted for incorporation into PFPD Devices, and their incorporation into PFPD Devices by unlicensed OEM Third Party Sellers constitutes an infringement of the '673 Patent, thereby committing contributory patent infringement under 35 U.S.C. § 271(c).

37. Upon information and belief, Defendants have sold and are selling Partial Non-functioning PFPD Devices to OEM Third Party Sellers with the specific intent to induce such unlicensed OEM Third Party Sellers to infringe the '673 Patent, thereby committing contributory patent infringement under 35 U.S.C. § 271(c).

38. Defendant's unlawful actions have interfered with Plaintiff's business, including his licensing and sales, unfairly diverted licensing and sales to Defendant, and caused Plaintiff monetary damage.

39. Defendant's unlawful actions have caused irreparable harm and damage to Plaintiff and caused Plaintiff to suffer monetary damage in an amount thus far not determined.

40. Plaintiff's injuries are, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

41. Plaintiff has no adequate remedy at law.

42. Plaintiff is therefore entitled to injunctive relief, monetary damages, and its cost and fees.

## COUNT III
## BREACH OF CONTRACT

43. Plaintiff repeats and realleges each and every allegation contained in the paragraphs prior hereto, and the same are incorporated herein and made a part hereof by this reference.

44. Defendants are authorized to make, use, and/or sell PFPD Devices solely subject to the terms and conditions, and Defendants' performance under the License.

45. The License constitutes a valid and binding contract between Plaintiff and Defendants, and the License is enforceable and subsisting as of the date of this Complaint.

46. The actions and omissions of Defendants detailed herein above, including without limitation (i) Defendants' sale of Partial Non-functioning PFPD Devices, (ii) Defendants' sale of Partial Non-functioning PFPD Devices to unlicensed OEM Third Party Sellers, (iii) Defendants' sale of complete PFPD Devices while paying royalties on the sale price of partial non-functioning portions of the PFPD Devices, (iv) Defendants' failure and refusal to provide to Plaintiff documentation and information supporting royalty payments made to Plaintiff, and (v) Defendants' systematic and continuing underreporting and underpayment of royalties, all constitute material breaches of the License, and Defendants thus have committed, and are in breach of contract.

47. The License also specifically requires Defendants to define each licensed PFPD Device added to Defendants' product line in a product line description, but

Defendants have continually and consistently failed to do so with respect to PFPD Devices offered and/or sold pursuant to the License thereby materially breaching the License.

48. The License also requires Defendants to provide to Plaintiff full list prices and product descriptions for each licensed PFPD Device added to Defendant's product line, but Defendants have continually and consistently failed to do so with respect to PFPD Devices offered and/or sold pursuant to the License thereby materially breaching the License.

49. Upon information and belief, the acts and conduct of Defendants in breaching the License are, and have been intentional and willful.

50. The acts of Defendant have directly and proximately caused Plaintiff to suffer monetary damage in an amount thus far not determined, including without limitation an undetermined portion of Plaintiff's expected royalties from Defendants' sales under the License, and an undetermined amount of lost profit and revenue caused by unlicensed third party sales and the unauthorized sale of Partial Non-functioning PFPD Devices.

51. As the direct and proximate result of Defendants' failure to provide Plaintiff with accurate and/or sufficient documentation and information regarding sales of PFPD Devices and Parts, and royalties due Plaintiff under the License, Plaintiff has been and is unable to accurately determine the amount of monetary damages suffered by reason of Defendants' breach of contract, and Plaintiff is thus entitled, as a further remedy for Defendants' breach, to a full and fair accounting of all of

Defendants' sales of any and all products, component parts, or other goods that read on any one or more claims of the '673 Patent.

52. Plaintiff further seeks leave of this Court to amend its complaint to allege the full nature and extent of monetary damages if, when and to the extent the damages are ascertained.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

I. That the Court issue preliminary and permanent injunctions against Defendants' continued direct and contributory infringement of the '673 Patent;

II. That the Court issue an Order directing Defendants to file with the Court and serve on Plaintiff, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

III. That the Court declare and award a full and complete accounting for damages resulting from Defendants' direct and contributory infringement, and breach of contract, and the trebling of such damages because of the knowing, willful, and wanton nature of Defendants' conduct;

IV. That the Court award judgment against Defendants for interest on all amounts found to be due to Plaintiff from Defendants by reason of Defendants' direct and contributory infringement, and breach of contract, at the prevailing or legal rate, whichever is greater, from the date said amount or any part thereof became or becomes due;

V. That the Court award judgment in favor of Plaintiff for the amount of such monetary damages sustained by Plaintiff as proven at trial;

VI. That the Court award judgment in favor of Plaintiff in the amount of treble damages.

VII. That the Court award judgment against Defendants for the full costs of this action, including reasonable attorneys' fees.

VIII. That the Court award to Plaintiff punitive damages sufficient to deter Defendants from committing such willful acts of infringement and breach of contract in the future.

IX. That the Court order Defendant to notify its customers and commercial associates, including wholesalers and retailers dealing in the invention of the '673 Patent, and inform them of the judgment and/or injunction issued by the Court;

X. That the Court order such other further and different relief as the nature of this action may require and as the Court may deem just and proper; and

XI. That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further order and directions as may be necessary or appropriate for the interpretation or execution of any order entered into this action, for the modification of any such order, for the enforcement of compliance therewith and for the punishment of any violations thereof.

Dated: January 26, 2006

Respectfully submitted,

**LACKENBACH SIEGEL LLP**

By: _____
J. Harold Nissen (HN 7797)
Robert B. Golden (RG 6157)
Jeffrey M. Rollings (JR 6940)
*Counsel for Plaintiff*
One Chase Road
Scarsdale, New York 10583
(914) 723-4300